## CALVIN JEFFERSON v. STATE.

No. A-2178.   Opinion Filed April 17, 1915.

(147 Pac. 778.)

1.  **HOMICIDE—Manslaughter—Sufficiency of Evidence.** On a trial for murder the conviction was for manslaughter in the first degree. **Held,** the evidence was sufficient to sustain the verdict and judgment, and that no reversible error was committed on the trial.

2.  **TRIAL—Refusal of Instructions Covered.** When the instructions given, considered as a whole, substantially present the law of the case fairly to the jury, it is not error to refuse to give requested instructions fully covered by the instructions given.

(Syllabus by the Court.)

*Appeal from County Court, Latimer County;*
*W. H. Brown, Judge.*

Calvin Jefferson was convicted of manslaughter in the first degree, and appeals. Affirmed.

*J. E. Whitehead, Chas. H. Hudson,* and *Gray & McVay,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error, Calvin Jefferson, having been informed against for the murder of Forrest Williams, was convicted of manslaughter in the first degree, and his punishment fixed at four years' imprisonment in the peni-

tentiary.   On the 25th day of July, 1913, judgment was rendered in pursuance of the verdict.   From this judgment an appeal was perfected by filing in this court on January 1, 1914, a petition in error with case-made.

All parties connected with this tragedy were Choctaw Indians, residing near Lodi, Latimer county.   The deceased was the husband of the defendant's stepdaughter.   The defendant resided about a quarter of a mile from the home of the deceased.   The body of the deceased, with three distinct knife cuts thereon, was found about midway between their homes on the morning following the tragedy.   The defendant was at the home of the deceased the evening before, and all the parties had been drinking more or less.   Several witnesses testified that the defendant and the deceased had a difficulty, and that later, about 9 o'clock that evening, they were heard whooping, gobbling, and jabbering at each other.

The facts most favorable to the defendant, as presented by his testimony as a witness in his own behalf, briefly stated, are as follows:   The afternoon of the day of the killing he was on his way to Presley Hawkesworth's, and met Baily Dunn and John Dunkinson, and they stopped at Forrest Williams' house.   His brother Steve was there, and he called him out. That while talking to his brother, Presley Hawkesworth and Laben White and Forrest Williams came out, and he and his brother went over to the woodpile and sat down.   His brother, said Forrest Williams, had whisky, and asked him if he wanted a drink, and he said he did.   Forrest Williams then came down to where they were and asked the same question, and he told him he wanted a drink.   That Williams went back and returned with a bottle, and they walked out of sight of the others to drink the whisky; that later Williams brought out another bottle and then another, three in all.   That he got to feeling pretty good, and his brother and Williams were drunk.   That Williams then got mad and went after a gun and tried to shoot the defendant. That he and his brother Steve took the gun away from Williams.   That Williams then pulled out his knife and tried to

cut the defendant. That the defendant had no knife at that time, and he got his brother's knife for the purpose of defending himself. That Williams wanted to kill him, but that he did not want to kill Williams. That Williams cut at him several times, and he caught Williams and held him. That Williams cut him on the arm. That he could have killed Williams if he wanted to, but was only defending himself and trying to get away. That he would just cut himself loose when Williams had hold of him, and in that way he cut Williams three times. That after he cut Williams the third time Williams did not try to hold him or cut him any more, and he went straight home, and that he did not know he had killed Williams until the next morning.

The defendant's motion for a new trial was based solely on the following grounds: First, because the court erred in refusing compulsory process for certain witnesses; second, because the court erred in overruling the challenge for cause to juror W. B. Davis. An examination of the record discloses that these grounds are wholly destitute of merit. The petition assigns eight additional errors, based on the instructions given and the refusal of the court to give requested instructions. We regard the instructions given by the court as altogether unobjectionable. The defense interposed by the defendant and the law applicable thereto was fully and fairly submitted to the jury, and as there was no error in any other respect on the trial, the conviction must be affirmed. The judgment of the district court of Latimer county herein is therefore affirmed.

FURMAN and ARMSTRONG, JJ., concur.